**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JONATHAN DURAN,

Plaintiff,

vs. No. CIV 20-0391 JB/GJF

MICHELLE LUJAN-GRISHAM; METROPOLITAN DETENTION CENTER; CHIEF RALPH HERNANDEZ, in his individual and official capacity; CHIEF FNU RICHARDSON, in his individual and official capacity, and LISA MORAN, in her individual and official capacity,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff Jonathan Duran's failure to prosecute his Amended Complaint for Violation of Civil Rights (Prisoner Complaint), filed May 18, 2020 (Doc. 6)("Amended Complaint"). On April 7, 2022, the Honorable Gregory Fouratt, United States Magistrate Judge for the United States District Court for the District of New Mexico, directed Duran to provide an updated address after he severed contact with the Court. See Order to Show Cause, filed April 7, 2022 (Doc. 12)("OSC"). Because Duran failed to respond, and having reviewed applicable law and the record, the Court will dismiss the Amended Complaint without prejudice.

**PROCEDURAL BACKGROUND**

Duran commenced this case on April 22, 2022, by co-signing an untitled letter regarding his conditions of confinement at the Bernalillo County Metropolitan Detention Center ("MDC") in Albuquerque, New Mexico. See Untitled Letter-Pleading, filed April 22, 2020 (Doc.

1)("Letter-Pleading"). Specifically, the Letter-Pleading challenges MDC's COVID-19 safety protocols. See Letter-Pleading at 1. The Court referred the matter to Magistrate Judge Fouratt for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, entered March 27, 2020 (Doc. 2).

On April 27, 2020, Magistrate Judge Fouratt directed Duran to file his claims using the proper 42 U.S.C. § 1983 form, and either to prepay the $400.00 filing fee or, alternatively, to file a motion to proceed in forma pauperis. See Order to Cure Deficiencies, filed April 27, 2020 (Doc. 3). Duran timely complied and filed the Amended Complaint along with an Application to Proceed in District Court Without Prepaying Fees or Costs. See Amended Complaint at 1; Application to Proceed in District Court Without Prepaying Fees or Costs at 1, filed May 18, 2020 (Doc. 5)("IFP Application"). Magistrate Judge Fouratt granted the IFP Application on July 21, 2020. See Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915(b) and to Make Payments or Show Cause, filed July 21, 2020 (Doc. 9).

The MDC inmate locator website reflects that Duran is no longer in custody, and he did not advise the Court of his new address, as D.N.M. LR-Civ. 83.6 requires. See https://gtlinterface.bernco.gov/custodylist/Results. D.N.M. LR-Civ. 83.6 provides: "All . . . parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses." D.N.M. LR-Civ. 83.6. In the OSC, on April 7, 2022, Magistrate Judge Fouratt directed Duran to notify the Clerk of his new address within thirty days of the OSC's entry. See OSC at 1. The OSC warned that the "failure to timely comply will result in dismissal of this matter without further notice." OSC at 1.

Duran did not provide an updated address by the May 7, 2022, deadline or otherwise respond to the OSC. The United States Postal Service returned the OSC as undeliverable with

the notation: "Not in Custody." Returned Envelope, entered April 18, 2022 (Doc. 13). The Court therefore will consider whether to dismiss this matter for lack of prosecution, and for failure to comply with rules and orders.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted). As the United States Court of Appeals for the Tenth Circuit explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it

must first consider certain criteria." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr., 492 F.3d at 1162. Those criteria include: (i) the degree of actual prejudice to the defendant; (ii) the amount of interference with the judicial process; (iii) the culpability of the litigant; (iv) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (v) the efficacy of lesser sanctions. See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr., 492 F.3d at 1162.

Here, Duran is no longer in custody at his address of record, and he failed to provide an updated address. In light of this failure, the Court will dismiss this case pursuant to rule 41(b) of the Federal Rules of Civil Procedure for Duran's failure to prosecute. See Olsen v. Mapes, 333 F.3d 1199 at 1204. The dismissal will be without prejudice, after considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr., 492 F.3d at 1162.

**IT IS ORDERED** that: (i) the Plaintiff's Amended Complaint for Violation of Civil Rights (Prisoner Complaint), filed May 18, 2020 (Doc. 6), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

James O. Browning

UNITED STATES DISTRICT JUDGE

*Parties:*

Jonathan Duran
Albuquerque, New Mexico

*Plaintiff pro se*